IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**EMILY LINDSEY**  Civ. No. 1:24-cv-00946-AA

Plaintiff,  **OPINION AND ORDER**

v.

**ENTRUST CORPORATION**

Defendant.

_____

AIKEN, District Judge:

Plaintiff's complaint alleges her employer engaged in pervasive gender-based discrimination and retaliation unlawful under Title VII, 42 U.S.C. § 2000e-2, e-3. Plaintiff also claims discrimination based on disability under Oregon law and Title I of the Americans with Disabilities Act. 42 U.S.C. § 12112. The complaint further alleges whistleblower claims, equal pay violations, unlawful employment practices. Defendant employer moves for dismissal or, in the alternative, transfer of this case. ECF No. 9. Defendant seeks to enforce a forum selection clause in the employment

Page 1 – OPINION AND ORDER

contract Plaintiff signed. For the reasons explained, the Court GRANTS Defendant's motion in the alternative to transfer the case to the United States District Court of the District of Minnesota, Minneapolis Division.

## BACKGROUND

Defendant is a Delaware corporation headquartered in Minnesota. Compl. ¶ 8. Defendant hired Plaintiff to work at its office in Englewood, Colorado. *Id.* ¶ 14. Later, Plaintiff told Defendant she intended to move to Oregon, and Defendant agreed to change her status to being a full-time remote worker. *Id.* ¶ 22, 27. Plaintiff' signed an Employment Agreement Sales and Service contract ("Employment Agreement"). The Employment Agreement states:

> The parties agree that any litigation arising out of or relating to [Plaintiff's] employment or its termination **will be heard only in the courts located in Hennepin County, Minnesota**. [Defendant] and [Plaintiff] hereby (a) consent to the personal jurisdiction and venue of any state or federal court in such county, (b) waive any objection that such venue is inconvenient or improper, and (c) EXPRESSLY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY SUCH LITIGATION."

Dajc Decl., Ex. 1 at 4 § 19, ECF No. 10-1 (all-caps in original) (emphasis added). The forum selection clause therefore points to the courts, federal or state, in Hennepin County, Minnesota. In that County resides the United States District Court for the District of Minnesota. Defendant asserts that the existence of the forum-selection clause in the Employment Agreement warrants dismissal under the doctrine of *forum non conveniens*, or in the alternative, transfer of the case to the District of Minnesota. Def. Mot. Dismiss ("MTD") at 2.

Page 2 – OPINION AND ORDER

## LEGAL STANDARD

Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong" or "improper." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55-57 (2013). Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws. *Id*. Title 28 U.S.C. § 1391, which governs venue generally, states that "[e]xcept as otherwise provided by law … this section shall govern the venue of all civil actions brought in" federal district courts. § 1391(a)(1). It then defines districts in which venue is proper. *See* § 1391(b). If a case falls within one of § 1391(b)'s districts, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).

A forum-selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When a defendant files such a motion, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer. *Atl. Marine Const. Co.*, 571 U.S. at 52. Transfer under § 1404(a) does not condition transfer on the initial forum's being "wrong." It permits transfer to any district where venue is also proper (i.e., "where [the case] might have been brought") or to any other district to which the parties have agreed by contract or stipulation. *Atl. Marine Const. Co.*, 571 U.S. at 59 (2013).

## DISCUSSION

I.   Transfer or Dismissal Based on Forum Selection Clause

As an initial matter, Defendant asserts that this case must be dismissed, or in the alternative, transferred. Aside from the validity of the forum selection clause, Defendant does not present any other argument that venue in the District of Oregon is improper. Accordingly, the Court finds that transfer, rather than dismissal, would be the appropriate mechanism to enforce a forum selection clause. *Atl. Marine Const. Co.*, 571 U.S. at 56, 59 ("transfer" under § 1404(a), rather than dismissal, "is the proper mechanism for enforcement of forum-selection clauses that point to a particular federal district.").

II.   Whether Transfer is Proper in this Case

Plaintiff does not dispute the validity of the employment agreement or its forum selection clause, but instead asserts that "[t]he interest of justice weighs in favor of litigating this case in the District of Oregon." Plf. Resp. at 3, ECF No. 11. Plaintiff explains that the inconvenience of litigating in Minnesota was not foreseeable to her in 2015 when she signed her employment contract while she was working and living in Colorado. *Id*. at 4.

Plaintiff also argues that, during her employment, Defendant became aware that she avoids flying. *Id*. Plaintiff maintains that she had explained to Defendant that she suffers from anxiety and a neck injury that impairs her ability to sit for extended periods. *Id*. Accordingly, Plaintiff states that "[e]nsuring disabled

[p]laintiffs get their day in court is in the public interest; such an interest rises beyond the financial considerations or personal preference of convenience of the parties." *Id.*

Further, Plaintiff asserts that a public interest factor weighing in favor od denying Defendant's motion to transfer is the "familiarity of the Court with the governing law." Plaintiff asserts that her claims were administratively processed by the Oregon Bureau of Labor and Industries, and that her claims for violation of Oregon law are best resolved in the District of Oregon.

In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. *Atl. Marine Const. Co.,* 571 U.S. at 62. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." § 1404(a).

The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 31 (1988). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.,* at 33 (Kennedy, J., concurring). For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but

the most exceptional cases." *Id*. at 33 (same). The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.

First, Plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Atl. Marine Const. Co*, 571 U.S. 49, 63 (2013).

Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. *Id*. at 64. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as less convenient for themselves or their witnesses, or for their pursuit of the litigation. *Id*. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. Id.

Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6, (1981).

Here, Plaintiff has not satisfied the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Plaintiff asserts that her disability and the "familiarity of the Court with the governing law" are public interest factors weighing in favor of denying transfer.

Plaintiff has not shown that her physical discomfort for flying or sitting long periods is a "public interest factor," rather than a "private interest factor," the latter

of which the Court is not to consider. However, even if Plaintiff's discomfort traveling is a public interest factor, Courts have found that "neither severe physical limitation nor economic hardship alone is generally enough" to render a forum so gravely inconvenient as to warrant invalidating a forum selection clause. *Pratt v. Silversea Cruises, Ltd., Inc.*, No. C 05-0693 SI, 2005 WL 1656891, at *3 (N.D. Cal. July 13, 2005); *Bowman v. Kona Univ., Inc.*, No. CV 13-03873 DDP AGRX, 2013 WL 3819674, at *3 (C.D. Cal. July 23, 2013).

Plaintiff's argument that public interest favors Federal Courts in Oregon to resolve Plaintiff's state law claims is also unavailing. As to choice of law, the Employment Agreement states that it is "made under and shall be governed by and construed in accordance with the laws of the State of Minnesota without regard to conflicts of laws principles thereof[.]" Dajc Decl., Ex. 1 at 4 § 19, ECF No. 10-1. And the Supreme Court has ruled that "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right[,]" the fact that the Minnesota court will not be required to apply Oregon choice-of-law rules "reduces whatever weight the District Court might have given to the public-interest factor that looks to the familiarity of the transferee court with the applicable law." *Atl. Marine*, 571 U.S. at 65–66. That Plaintiff has alleged claims under Oregon state law does not have bearing on this analysis. That is, whether Plaintiff's claims under Oregon law must be dismissed pursuant to the Employment Agreement would be for the Courts sitting in the District of Minnesota to decide.

Page 7 – OPINION AND ORDER

## CONCLUSION

For the reasons explained, Defendant's Motion to Dismiss is DENIED, but Defendant's Motion to Transfer is GRANTED. The Court hereby TRANSFERS this action to the District of Minnesota, Minneapolis Division.

It is so ORDERED

Dated this 26th day of February 2025.

                        /s/Ann Aiken

Ann Aiken
United States District Judge